39 F.3d 1194
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul R. GIMBEL, Claimant-Appellee,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellant.
 No. 93-7081.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to summarily reverse the December 18, 1992 decision of the Court of Veterans Appeals based on this court's recent holding in Smith v. Brown, No. 93-7043 (Fed.Cir. August 12, 1994). Paul R. Gimbel has not filed a response.
 
 
 2
 On December 18, 1992, the Court of Veterans Appeals remanded Gimbel's appeal to the Board of Veterans Appeals for further adjudication on the ground that the Board was required to consider Gimbel's claim that the Board's 1985 decision was the product of "clear and unmistakable error." The Secretary appealed. On August 12, 1993, this court suspended the proceedings in this case pending a decision in Smith. Smith issued on August 12, 1994.
 
 
 3
 The Secretary argues that summary reversal of the Court of Veterans Appeals' decision is appropriate because in Smith this court held that the Court of Veterans Appeals erred by determining that "otherwise final decisions of the Board of Veterans Appeals (BVA) are subject to collateral review for 'clear and unmistakable error' (CUE) under 38 C.F.R. Sec. 3.105(a) (1993)."
 
 
 4
 Summary disposition is appropriate when "the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, the Court of Veterans Appeals remanded Gimbel's case directing the Board to review its 1985 decision for CUE. However, Smith squarely holds that the Court of Veterans Appeals erred by ordering remand in similar circumstances. Thus, the position of the Secretary is clearly correct as a matter of law. Further, Gimbel has not filed an opposition to the Secretary's motion. Summary reversal of the December 18, 1992 decision of the Court of Veterans Appeals is warranted.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion for summary reversal is granted.
 
 
 7
 (2) Each side shall bear its own costs.